## Reitzel *against* Franklin.

After an appeal by a defendant from an award of arbitrators against him, the plaintiff cannot file an additional count containing a new and distinct cause of action from that tried by the arbitrators.

If the narr. sets out a contract with the plaintiff alone, a new count averring a contract with the plaintiff and another since deceased, contains a new and distinct cause of action.

ERROR to the Common Pleas of *Lancaster* county, in which an action on the case was brought by Thomas E. Franklin against Philip Reitzel, to recover compensation for services as an attorney at law. The declaration contained two counts for work, labour and services rendered by the plaintiff to the defendant. The cause was referred to arbitrators, who awarded for the plaintiff $269.77 with costs, from which award the defendant appealed. The plaintiff, by leave of the Court, filed a third count, setting out a promissory note of the defendant to the plaintiff and one William Norris, in the lifetime of Norris, by which he became liable to Norris and the plaintiff in the lifetime of Norris, and to the plaintiff since his death, &c. The defendant craved oyer of the writ and counts, and to the first two counts pleaded *non assumpsit* and payment with leave, &c., and demurred to the third count. The ground of the demurrer was an alleged variance between the writ and the count in the following particulars. That the contract in the writ and the two first counts was in parol; that in the third was written; the contract in the writ and two first counts was with the plaintiff alone for professional services, whereas that in the third count was with the plaintiff and Norris, purporting to be a promissory note given by the defendant to them jointly: the contract in the writ and two first counts was dated the 1st of July 1841, that in the third the 7th of May 1840: that a recovery by the plaintiff on the writ and two first counts would give him the whole amount absolutely in his own right, whereas a recovery on the third count would give the sum recovered to him as survivor of Norris, and the one-half would belong to the estate of Norris.

The plaintiff replied *non solvit,* and joined in demurrer. The Court overruled the demurrer, and gave judgment for the plaintiff.

Errors assigned:

1. The Court erred in overruling the defendant's demurrer, and rendering final judgment for the plaintiff.

2. In assessing damages and rendering final judgment when there was an issue formed between the parties which had not been disposed of.

3. In allowing the additional count.

4. The judgment should have been *respondeat ouster,* not *quod recuperet.*

*W. O. Jenkins,* for plaintiff in error.

*Ford, contra,* cited 2 *Tidd's Prac.* 754; 4 *Rawle* 92; *Steph. Plead.* 104. 142.

The opinion of the Court was delivered by

KENNEDY, J. — We are of opinion that the court below erred in permitting the plaintiff there to amend his declaration, by adding a third count to it, containing a new and different cause of action from that set out in either of the two counts filed originally, upon which the plaintiff, under the compulsory arbitration law, had had the cause referred to and tried by arbitrators, who made out an award in favour of the plaintiff against the defendant for $269. 77, besides costs of suit, from which the defendant appealed; and this brought the cause back for trial in court again. The 30th section of the Act of the 16th of June 1836, entitled " an Act relating to reference and arbitration," declares " if the *defendant* be the appellant, he shall by himself, his agent or attorney, with one or more sufficient sureties in the nature of special bail, be bound in recognizance to the plaintiff, the condition of which shall be, that if the plaintiff, in the event of the suit, shall obtain judgment for a sum equal to or greater, or a judgment as or more favourable than the award of the arbitrators, the said defendant shall pay all the costs that may accrue in consequence of the said appeal, together with the sum or value of the property or thing awarded by the arbitrators, with one dollar for every day that shall be lost by the plaintiff in attending to such appeal, or in default thereof, that the said defendant shall be surrendered to the jail of the proper county." Now it is very apparent, if the plaintiff be permitted by the court, after the defendant has appealed from the award of the arbitrators, to amend his declaration by filing an additional count, containing a new and distinct cause of action from that which was tried by the arbitrators, that great injustice may be done thereby to the defendant. The defendant may be able to defend successfully against the claim set out at first by the plaintiff in his declaration, upon which alone he went to trial before

[Reitzel v. Franklin.]

arbitrators, but he may not be able to defend against the new cause superadded by leave of the court, after the appeal, in which the plaintiff may be entitled to recover as much, or even more, than what the arbitrators awarded to him. The inevitable consequences of the amendment in such case must be, that the defendant will be mulcted with the payment of all the costs and charges mentioned in the condition of his recognizance, to which he could not possibly have been subjected if the amendment had not been allowed.

It remains, then, only to show that the plaintiff, after the defendant had taken his appeal from the award of the arbitrators in this case, introduced by his amendment made by leave of the court and not by consent of the defendant, a new and distinct cause of action from any that was set out in his declaration, at the time the cause was tried by the arbitrators. The only cause of action set out in the declaration, at that time, and the only one too which they had any authority to try, appears to be founded upon a contract or undertaking made by the defendant with the plaintiff alone, and not with the plaintiff and William Norris, or any other person. It was clearly not competent for the plaintiff, under this declaration, to set up on the trial before the arbitrators any claim founded upon a contract or undertaking made by the defendant with or to the plaintiff and William Norris, though William Norris died anterior to the commencement of the action. He might, no doubt, have framed his declaration in such a manner as to have enabled him to have preferred such a claim against the defendant, on the trial before the arbitrators, notwithstanding the original writ contained no mention of the name of William Norris. It was sufficient that the sheriff was required by the writ to summon the defendant to answer the plaintiff alone; because it is not required of the plaintiff that he shall show, or set out in the writ, how it is that he is entitled to maintain the suit in his own name singly; but this he must do in his declaration. For instance, if his claim be founded upon a promise or undertaking of the defendant, made to himself and another jointly, which other died before the impetration of the writ, he must set out the promise truly as it was made to himself and the other, and aver the death of the other before suit brought and a breach of the promise whereby action accrued to him, &c. The plaintiff therefore might have joined his third count with his first and second counts, before he filed his declaration, or have done so at any time afterwards, by leave of the court, before the cause was referred to the arbitrators. But without such a count in his declaration, when the cause was being tried before the arbitrators, he was not entitled to give the note mentioned therein in evidence to them, because it did not tend to prove or establish any claim set out in his declaration. It showed a claim founded on a promise made to William Norris and himself by the defendant, and a breach of the same,

upon which he might have been entitled to recover, if he had counted on it; whereas the promises set out in the declaration, as it then stood, were promises alleged to have been made to himself alone, which he might be unable to establish, or upon which he might not, for some cause which the defendant could show, be entitled to recover. We therefore consider that the third count, filed by leave of the court, contained a new and distinct cause of action from any set forth in the two counts filed previously; and that the court therefore erred in permitting it to be done by the plaintiff after the defendant had appealed from the award of the arbitrators.

The reversal of the judgment, for the reasons mentioned, would seem to render the consideration of the other matters assigned for error unnecessary. But we are inclined to think that they cannot be sustained.

Judgment reversed, and a *venire de novo* awarded.