## McCONNELL *v.* MICHELTREE.

After appeal, by defendant from an award, the plaintiff may recover for a cause of action not mentioned before the arbitrators, when the evidence is admissible under the original pleadings.

In error from the District Court of Mercer county.

*Oct.* 8. The declaration was for money paid, laid out and expended for the use of the defendant. There was a reference to arbitrators, and an appeal by the defendant. On the trial, the plaintiff gave evidence of two payments for the use of the defendant. It was proved by the arbitrators that one of these items was not claimed before them.

The court (THOMPSON, P. J.) was of opinion that a plaintiff might vary or increase his demand in this way, after an appeal.

This was assigned for error.

*Holstein*, for plaintiff in error, cited 5 Watts & Serg. 33.

*Pearson*, contrà, act 1836, sec. 38.

*Oct.* 10.    ROGERS, J.—After an appeal by a *defendant* from an award of arbitrators against him, the plaintiff cannot file an additional count containing a new and distinct cause of action from that tried by the arbitrators. This was ruled in Reitzel *v.* Franklin, 5 Watts & Serg. 33, and in several other cases, which it is unnecessary to cite, and if this case fell within the principle, there would be no disputing the position of the plaintiff in error. But here no new count is required, for the additional evidence is embraced, and may be properly received under the declaration, as originally filed, and therefore there is nothing in Reitzel *v.* Franklin, or the other authorities cited, or in the reason of the thing, which precludes the plaintiff from recovering this item on the trial in court. It may be that when before arbitrators, the plaintiff may not be prepared with testimony to prove every item in his account, and it would be a hard measure of justice, that for a reason he may not be able to control, he should lose part or all of a just debt. And in what respect does this case differ from that? The plaintiff brought his action, and filed a declaration, with the common money counts. At the hearing before the arbitrators, he was able to prove only that he had paid about one hundred and sixty dollars, as security for the defendant, to the Warren Bank, and for this sum he obtained an award, from which the defendant appealed, and at the trial in court the plaintiff was permitted to prove without amending his declaration, for it needed none, that he had also paid to the same institution, on the same or a similar transaction, an additional $100. To this we see no available exception. If this be an infliction, the defendant has brought it on himself by his unjust appeal, for if he had been content with the award, he would have saved his costs, and escaped the payment of the $100, and he might have pleaded a former recovery in bar to a new action. But the appeal throws the whole case open, so as to enable the plaintiff to recover all that he might have received, if the cause had not been submitted to arbitrators. Had a declaration been filed, or the defendant required a bill of particulars, as he may have done under counts containing the note, he would have circumscribed the claim, and would not be permitted afterwards to introduce

a new cause of action, for that might in some cases enable him to recover a debt barred by the act of limitations, not embraced in the action. For this reason such amendments are looked on with some jealousy, but that reason does not exist here. It is said the bail of the appellant may be injured, but that assumes the matter in controversy, for if the plaintiff on the appeal has a right to introduce the evidence, notwithstanding the award or the proceeding which took place at the arbitration, he is not held responsible for a greater amount than he stipulated for. And besides, the argument is of but little worth, as he is but special bail, and, as the law then stood, he might at any time relieve himself by surrendering his principal. There are restrictions imposed by the legislature on appellants, as in the case of withholding papers, documents, &c., which do not extend to appellees. They are left as before. We therefore see neither reason nor authority for prohibiting such a recovery. It may, it is true, have some effect on the costs, but that argument proves too much, as if worth any thing it would exclude the parties from giving any new evidence whatever. They would be confined strictly to the evidence submitted to the arbitrators. The defendant alleges, that by the course pursued by the plaintiff he was taken by surprise. This may be, and probably was so, but if true, his remedy was plain, for we cannot doubt that on allegation of surprise, the court would have withdrawn a juror. But having omitted this, and taken his chance of a verdict, we cannot relieve him now.

Judgment affirmed.